

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2003

# Petaccio v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Petaccio v. Davis" (2003). *2003 Decisions.* Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-4000

———————

JOHN ANTHONY PETACCIO,
                    Appellant

v.

JULIANE DAVIS;
BROPHY, PATROLMAN, BADGE NUMBER 2066;
DANIELE WALLINGTON; DAVID SMITH, OFFICER, BADGE 1395;
JOSEPH KELLY, SGT., BADGE 290; JOSEPH WRIGHT, LT., BADGE 112;
THOMAS MITINKA, PATROL OFFICER, BADGE NO. 2015;
P. GHEGAN, SGT., BADGE 8609; KENNETH COLUZZI, LT., BADGE 230;
GANGLOFF, CPL., BADGE NO. 8127; THURMAN, SGT., BADGE NO. 525;
GEORGE HICKS, PATROLMAN, BADGE NO. 3245; LEWIS BRENNER;
ROBERTA BURKE; RUBY DOWD; MARIANNE SCAFIDI;
WEIGERT, CPL., BADGE 317; SLAUGHTER, PATROLMAN, BADGE 306;
LYNCH, LT., BADGE 215; BRENNAN, PATROLMAN, BADGE NO. 1760;
JACKIE SZYMANIK; YOUNG, PATROLMAN, BADGE NO. 6238;
ANDERSON, PATROLMAN, BADGE NO. 6732;
HARRY YOUNG, OFFICER, BADGE NO. 6238;
LUIS MELENDEZ, PATROL OFFICER, BADGE NO. 6781;
JOSEPH McENTEE, PATROL OFFICER, BADGE NO. PR 206799;
DAWN McHALE; WILLIAMS, PATROLMAN, BADGE NO. 9417;
BRENNAN, PATROLMAN, BADGE NO. 1760;
CRYSTAL WILLIAMS, OFFICER BADGE, NO. 9417;
YOUNG, INVESTIGATOR, BADGE NO. 238;
VUOTTO, SEARGENT, BADGE NO. 8777;
McDEVITT, LIEUTENANT, BADGE NO. 288;
MEMBERS OF THE PHILADELPHIA POLICE DEPARTMENT;
THE POLICE DEPARTMENT OF THE CITY OF PHILADELPHIA;
THE CITY OF PHILADELPHIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-02098
(Honorable Jay C. Waldman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2003
Before: SCIRICA, <u>Chief</u> <u>Judge</u>, RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed: September 29, 2003)

OPINION OF THE COURT

SCIRICA, <u>Chief</u> <u>Judge</u>.

John Anthony Petaccio filed a complaint against the City of Philadelphia, the

Philadelphia Police Department, Police Department employees, and four individual

complainants, alleging false arrest and imprisonment and malicious prosecution, arising out

of his arrest and imprisonment on rape charges. Petaccio alleges DNA testing proved he

was not the rapist eleven months prior to his release from prison. The defendants filed a

motion to dismiss, arguing the false arrest and imprisonment claims were time-barred and

that the malicious prosecution claim failed as a matter of law. The District Court granted

the motion to dismiss and Petaccio now appeals. We will affirm.[1]

**I.**

_____

[1]We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under
28 U.S.C. § 1331.

Petaccio was arrested on February 6, 1998, for striking a female police officer and was arrested again on May 10, 1998, for allegedly raping four teenage girls. On April 19, 2000, forensic evidence revealed that Petaccio's DNA did not match the DNA of the rapist and charges against Petaccio were withdrawn. But Petaccio asserts that police knew and admitted that they had the exculpatory DNA evidence eleven months prior to his release from prison and purposefully delayed dismissing the charges. (Appellant's Brief at 3).

Petaccio filed claims for false arrest and false imprisonment on April 12, 2002. He also asserted a malicious prosecution claim, stating:

> On February 6, 1998, prior to the . . . rapes, the plaintiff had been arrested and charged with striking a female police officer during her investigation of an incident involving the plaintiff and his girlfriend. The plaintiff believes and therefore avers the Philadelphia Police were angry with him for allegedly striking a fellow female officer and were searching for a means to involve him in other crimes.

(Appellant's Br. at 8).

The statue of limitations in § 1983 actions is determined by state law. Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Pennsylvania, the statute of limitations for false arrest and imprisonment is two years. 42 Pa. Cons. Stat. Ann. § 5524(1).

Nonetheless, Petaccio asserts that his incarceration created a "continuing violation" under 28 U.S.C. § 1983. But the District Court found that Petaccio made no showing of a continuing violation. The District Court held that the two-year statute of limitations began to run on the date of the arrest, which occurred on May 10, 1998, concluding that the statute of limitations barred Petaccio's false arrest and imprisonment claims.

3

Furthermore, the District Court found that defendants had probable cause to arrest Petaccio, and dismissed his malicious prosecution claim for failure to satisfy an essential element of the claim.

## II.

Our review of the District Court's order granting a motion to dismiss for failure to state a claim is plenary. See Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The District Court properly held that the applicable statute of limitations for the § 1983 claims is two years and began to run when Petaccio knew or should have known of the injury on which his claim is predicated. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). But Petaccio argues that the District Court failed to find that a continuing violation, based upon Petaccio's continued imprisonment, made his claims timely.

Petaccio concedes that application of the continuing violation doctrine is based upon affirmative acts of defendants. (Appellant's Br. at 7). But Petaccio has failed to assert any affirmative acts of defendants beyond the initial arrest and detention. Instead, Petaccio attempts to use defendants' alleged failure to act as a basis for application of the continuing violation doctrine. At the time of his initial arrest and incarceration for rape, Petaccio knew or should have known that he was "wrongfully detained". It is axiomatic that Petaccio knew or should have known the basis for his § 1983 action at the time of his initial arrest and detention. Furthermore, he has failed to provide evidence of defendants'

4

affirmative actions which would warrant application of the continuing violation doctrine. Petaccio should have filed his claim within two years from the date of his arrest. Accordingly, we will affirm the District Court's dismissal of plaintiff's false arrest and imprisonment claims, as these claims began to accrue on May 10, 1998 and are barred by the statute of limitations.

**III.**

We also will affirm the District Court's dismissal of Petaccio's malicious prosecution claim. A Fourth Amendment malicious prosecution claim requires that a plaintiff prove the proceeding was initiated without probable cause. Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002) (setting forth the elements necessary to prove a § 1983 malicious prosecution claim under Pennsylvania law). Probable cause for arrest is "defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). In determining whether there was probable cause for arrest, a court must look at the totality of the circumstances and use a common-sense approach in examining the objective facts available to the arresting officers at the time of arrest. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

A victim's identification of a party as the perpetrator may validly provide probable cause to charge that party. See Wilson v. Russo, 212 F.3d 781, 790-91 (3d Cir. 2000)

5

(victim identification constitutes probable cause); <u>Sharrar</u>, 128 F.3d at 818-819 (finding probable cause when a beating victim identified her husband and three men as her assailants).  Here, three rape victims identified Petaccio as their assailant.  There were no allegations that the identifications were falsified, dishonest, biased or prejudicial or that the victim descriptions were inconsistent with Petaccio's appearance.[2]  Thus, the District Court properly concluded that Petaccio failed to show that defendants lacked probable cause to arrest.  We will affirm the dismissal of Petaccio's malicious prosecution claim.

**IV.**

For the reasons outlined, we will affirm the judgment of dismissal.

---

[2]As the District Court held, "A § 1983 malicious prosecution claim may not be predicated on a denial of substantive due process.  <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 275 (1994).  Plaintiff has not alleged facts to show he was denied equal protection or procedural due process."  (Appellant's Br. at 9a).  The District Court then noted, "An allegation only that plaintiff's picture was first in an array prepared for display to the victims does not show that the identification process was unnecessarily suggestive or resulted in a substantial likelihood of misidentification.  <u>See, e.g.</u>, <u>U.S. v. Fletcher</u>, 121 F.3d 187, 195 (5th Cir. 1997) ('it is irrelevant that [the suspect's] photograph was located in the top center position').  It appears from no factual allegation that the process was constitutionally infirm or that the identification made by any of the victim defendants was not earnest and honest."  (Appellant's Br. at 9a n.6).

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Chief Judge

7